GEORGIA HUMBLE, Appellee, v. S. D. CARTER, Appellant.

No. 40319.

JUNE 23, 1930.

*Gillies & Daugherty,* for appellant.

*Jones & White,* for appellee.

EVANS, J.—Prior to March 1, 1928, the parties entered into a written contract, whereby the plaintiff was to enter upon the farm of the defendant and to operate the same as a dairy farm, each party to contribute one half the cost of all dairy stock and equipment thereon, and whereby each was to receive one half the net proceeds of the enterprise. At the expiration of the year, the parties orally agreed to a continuance for another year, and the enterprise was thus continued until the latter part of September, 1929, when, by mutual agreement, they purported to dissolve their arrangement. By mutual agreement, they ad-

vertised jointly a public sale of all their stock, and sold the same. After this date, the plaintiff ceased to render any service of any kind for the benefit of the defendant, but continued to reside upon the farm, on the theory that she had a lease thereof until March 1, 1930. The question whether she had such right became a bone of contention between them. The plaintiff thereupon brought this action to enjoin the defendant from making any interference with her possession. Upon hearing, the trial court held that she had a leasehold right to hold possession until March 1, 1930, and enjoined the defendant accordingly until such date.

The parties have argued the original merits of their controversy. The argument for defendant rests upon the premise that the relation between the parties was that of a partnership, and that the same was dissolved in September, 1929, and that such dissolution restored to the defendant the possession of his land, which had been held by plaintiff as a mere incident of the partnership plan. On the other hand, the argument of the plaintiff is premised upon the theory that she had the status of a tenant, and as such was entitled to statutory protection until March 1st following. In our investigation of the record, we are not convinced of the soundness of either premise. Prior to the purported "dissolution" of September, 1929, the plaintiff had the undoubted right to continue under her contract until March 1, 1930. The parties were under no disability, however, to change their contract. They did change it in September, 1929. What the rights of the plaintiff were thereafter would depend entirely upon the terms of the September agreement. The defendant offered no evidence at the hearing. We are not, therefore, advised by him as to what he claims the terms of such agreement to have been. We have before us only the testimony of the plaintiff and her husband, and because of the moot character which the controversy has assumed, we do not find it necessary to examine even that. The relief prayed by the plaintiff was purely injunctional. The injunction order, by its own terms, ceased to operate on March 1, 1930. The answer of the defendant was purely defensive. No affirmative relief was prayed. If the defendant were entitled to a reversal, we could only dissolve the injunction. It is already dissolved.

True, the defendant contends in argument that the court

improperly charged an item of $6.00 against him, as one half the cost of certain chickens. It is true, also, that he contends that he is entitled to one half of the value of a calf, which the court refused to award him. But these controversial items are put forth in his argument only. We find no reference to them in his pleading. Nor did he offer any evidence in support of his present claim. The case presented on his appeal is clearly a moot one, and the appeal will be dismissed on such ground.— *Appeal dismissed.*

MORLING, C. J., and DE GRAFF, KINDIG, WAGNER, and GRIMM, JJ., concur.